Filed 10/9/14  P. v. Wuco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DAVID WILLIAM WUCO,<br><br>        Defendant and Appellant. | C075026<br><br>(Super. Ct. Nos. 09F8623, 11F2023, 12F3055, 12F6320) |

        This opinion involves four cases brought by the People against defendant David William Wuco.  Counsel filed an opening brief setting forth the facts of the cases and, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requested the court to review the record and determine whether there are any arguable issues on appeal.  We have found errors in the abstract of judgment that require correction.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

*Case No. 09F8623 (Burglary Case)*

In November 2009, defendant stole a 30-pack of beer from a gas station. On his way out of the store, he pushed the clerk out of the way, and struck and bit him.

Defendant pled guilty to one count of second degree burglary (Pen. Code,[1] § 211) and the trial court granted him formal probation and a five-year suspended sentence. The court also imposed various fines and fees and ordered direct victim restitution.

*Case Nos. 11F2023 & 12F3055*

In September 2010, defendant punched and kicked Tommy Hagerman repeatedly. In May 2012, a sheriff's deputy found defendant digging a large hole in the ground with his hands. He was sweating profusely, talking about people following him, and claimed he had just located gold he was digging up. The deputies believed defendant was dangerous and attempted to handcuff him. He resisted. Deputies used a Taser on him but defendant continued to resist. Ultimately, deputies rendered defendant unconscious.

Defendant pled no contest to assault with force likely to cause great bodily injury (§ 245) and obstructing an officer (§ 69). He also admitted a violation of probation in the burglary case. The trial court sentenced defendant to seven years eight months in prison, suspended execution of sentence for five years on all three cases, and granted defendant probation. The trial court also ordered defendant to pay various fines and fees.

*Case No. 12F6320*

On September 1, 2012, about 9:45 p.m., the night shift manager of a market, Emerald Peterson, was ringing up a customer's order when she saw defendant and a

---

[1]     Undesignated statutory references are to the Penal Code.

group walking out of the store with a green shopping basket. The basket contained two bottles of alcohol and one bottle of ginger ale. Peterson called out to defendant and told him to leave the basket. He ignored her.

Members of the "Cottonwood Community Watch," Randall Voris, Paul Clendenen, Bernard Kelly and Frank Schmidt, were outside the store and saw Peterson chasing after defendant and yelling at him. They asked if defendant had stolen something from the store and she answered, "Yeah." Members of the watch chased after defendant and after a struggle, gained physical control of him until law enforcement arrived. During the struggle, defendant pulled Voris's little finger out of joint, struck Schmidt multiple times and headbutted him.

Defendant was charged with second degree burglary (§ 459), petty theft with a prior conviction for robbery (§ 666), misdemeanor battery of Voris (§ 242), misdemeanor battery of Schmidt (§ 242), and misdemeanor battery of Clendenen (§ 242). As to the felony counts, the information alleged defendant had prior strike convictions. (§ 1170.12)

A jury found defendant guilty of all counts except the battery of Clendenen and the trial court declared a mistrial as to that count and dismissed it. The trial court found the violation of probation allegations in cases Nos. 12F3055, 09F8623, and 11F2023 true. The trial court also found the prior conviction allegation and the prior strike allegation true.

The trial court sentenced defendant to nine years in prison. The trial court awarded defendant 604 days of presentence custody credits. The court also ordered defendant to pay the fines and fees previously imposed in cases Nos. 09F8623, 11F2023, and 12F3055, and imposed an additional $480 in case No. 12F6320 (§ 1202.4), an additional $160 court operations assessment (§ 1465.8, subd. (a)), and an additional $120 criminal conviction assessment fee (Gov. Code, § 70373). The trial court also ordered defendant pay direct victim restitution to Frank Schmidt.

DISCUSSION

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days has passed and he has not responded. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

"Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We will direct the trial court to correct the abstract of judgment.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting the judgment as orally imposed, reflecting a $480 restitution fund fine and to forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

      ROBIE      , Acting P. J.

We concur:

      MURRAY      , J.

      DUARTE      , J.